Nicholson, C. J.,
delivered the opinion of the court.
The only question in this case necessary to be ex *616 amined is, whether complainant and defendant were partners in the management of the City Hotel after the 15th of April, 1868, and during that year; or whether defendant was only the agent of complainant in that management?
Prior to the date mentioned, the parties had been partners in running the hotel for a time in connection with one Bledsoe, and after his retirement, about January, 1868, and until the 15th of April, 1868, complainant and defendant continued the business as partners?, under the style of Bell & Hare.
. On that day they entered into a written agreement, and after that time the hotel was conducted by defendant under the style of S. E. Hare & Co.
Whether he so conducted it as the partner or as the agent of Bell, must be determined by the intention of the parties as manifested in the agreement before referred to.
This agreement recites: — “ Whereas the said B,. E. Bell is the occupant and owner of the City Hotel furniture and lease for the present year, 1868, and is desirous for the said Hare to take charge of the same for said year, 1868, and conduct the same as a hotel for the accommodation of visitors; now, in order to have the said hotel conducted and carried on as above stated, it is agreed by both parties that the said Hare take charge of the hotel, fixtures, furniture, etc., on the 15th day of April, 1868, and continue there the year 1868, and further, if agreed to by the parties, on the following terms, to-wit: The said Bell to remain in the hotel, if he desires, and look after and *617 see that all the furniture, fixtures, etc., are taken care of, less wear and tear, and see that every thing is in accordance with the former contract and mortgage from said Bell to Hare; and this contract is in no way to affect the said former mortgage and contract whatever; and the said Bell agrees that said Hare shall furnish such articles as he may think advisable for the interest of said hotel, and in all things conduct the same to the interest of the parties concerned, and all things and all articles so bought, bills pro- • duced for the same and charged to the hotel and the hotel charged, and the same shall be considered as stock of the hotel; and said Bell shall have .undisputed right at all times to sell and transfer the lease on the hotel, and all the furniture, fixtures, etc., when he may see proper, by first paying the hotel and said Hare for all the articles, fixtures, furniture, etc., he may furnish in said hotel; and at the sale of said lease, furniture, fixtures, etc., or the termination of this contract, the said Hare shall be entitled to receive for his services as landlord and conductor of the City Hotel, two-thirds of the profits of said hotel, and the' said Bell one-third.”
There is no ambiguity in the language of this agreement.- Its construction is plain and obvious. It creates, in express terms, the relation of principal and agent, and not that of partners, between the parties.
It is true that as to third parties Hare held himself out as a partner, and in his conversation and conduct represented himself as a partner, but as between him and Bell the written agreement fixes their *618 relations, and by that their rights and liabilities must be settled.
The only indication in the agreement that it was intended to constitute a partnership, is furnished by the provision for a division of the profits of the hotel.
Participation in profits, either gross or net, is usually one of the tests as to the existence of a partnership; but it is not conclusive. If it appear by proof, or by the terms of the articles of agreement, that a share in the profits is given to one of the parties as a mode of compensation for services, the presumption as to a partnership is thereby rebutted.
It is true that in one sense there was a community. of interest in the profits of the hotel between Bell and Hare; but it is equally true, upon the face of the agreement, that Hare was not to participate as an owner or partner, but as agent or conductor of the hotel. Polk v. Buchanan, 5 Sneed, 726.
The Chancellor so construed the agreement, and decreed accordingly. We find no error in the decree, and affirm it with costs.
The. cause will be remanded for further proceedings under the decree as rendered below.